IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GUADALUPE URBINA-RODRIGUEZ, )<br>)<br>Defendant. ) | Case No. 19-05005-01-CR-SW-MDH |

**ORDER**

    Before the Court is Defendant's *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant was sentenced on or about September 11, 2019 to 180 months imprisonment following a jury trial a for possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 846; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023, the Sentencing Commission promulgated Amendment 821, which, in relevant part, allows for a reduction in offense level for certain offenders who lack criminal history points at the time of sentencing. USSG § 4C1.1. In the present case, Defendant is ineligible for modification under § 4C1.1, as Defendant was assessed two criminal history points at sentencing. (PSR ¶¶ 28-29). Further, Defendant's 180-

1

month sentence is already at the bottom of the statutory minimum for Defendant's convictions. Defendant's Motion is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: June 4, 2024                          */s/ Douglas Harpool*
                                                           **DOUGLAS HARPOOL**
                                                           **UNITED STATES DISTRICT JUDGE**

2

Case 3:19-cr-05005-MDH   Document 101   Filed 06/04/24   Page 2 of 2