**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-05005-01-CR-SW-MDH |
| | ) | |
| GUADALUPE URBINA-RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant's *Pro Se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 104) and *Pro Se* Motion to Compel Production of Bureau of Prisons ("BOP") Medical Records. (Doc. 106). As to Defendant's Motion for Sentence Reduction, the Defendant filed Suggestions in Support (Doc. 105), the Government filed Suggestions in Opposition. (Doc. 112) and the Defendant filed a reply. (Doc. 114). The Defendant further asked for a motion for extension of time to reply which the Court granted and gave the Defendant an additional opportunity to file an additional response. (Doc. 115). The Defendant has failed to file an additional response and the time to do so has elapsed. This matter is now ripe for adjudication on the merits.

As for Defendant's Motion to Compel, the Government has failed to file Suggestions in Opposition and the time to do so has elapsed. Thus, this motion is ripe for adjudication. For the reasons stated herein, Defendant's *Pro Se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and *Pro Se* Motion to Compel Production of BOP Medical Records are **DENIED**.

Defendant was sentenced to 180 months' imprisonment following a jury trial where Defendant was found guilty of: possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). The Defendant's convictions were affirmed on appeal. *See United States v. Urbina-Rodriguez*, 986 F.3d 1095, 1097 (8th Cir. 2021).

## I.      Motion to Compel BOP Medical Records

Before the Court can address the Defendant's Motion for Sentence Reduction, the Court must first resolve the Defendant's Motion to Compel BOP Medical Records. The Defendant's motion seeks his SENTRY records; Bureau Electronic Medical Record ("BEMR"); CHRONOS records; chronic care records; medication records; laboratory records; specialist and outside referral records; third-party medical records; mental health records; intake and transfer records; and any other medical records maintained by the BOP Health Services Department.

The Defendant argues that these medical records are essential to the adjudication of his compassionate release motion. In support, the Defendant argues that neither the Court nor the Government can meaningfully evaluate the nature and severity of Defendant's medical conditions; the progression of those conditions during incarceration; the adequacy of medical care provided; or the degree to which Defendant's health has deteriorated due to the aging process without those records. Defendant further argues these records are central to the analysis required under the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b)(1) and (2). The Government has filed with its Suggestions in Opposition to Defendant's Motion for Compassionate Release the Defendant's last two BOP Health Services Clinical Encounters dated

2

February 11, 2026 and October 29, 2025. In additional the Government has also produced the documentation from Mountain Peaks Urology from Defendant's visit on July 25, 2025.

In review of these documents, the Court finds no reason additional medical documentation is necessary for the adjudication of Defendant's Motion for Compassionate Release. As of the July 25, 2025, Urology Report, it clearly states that Defendant's "[t]ype 2 diabetes mellitus [is] well controlled". (Doc. 112-1, page 6). Since that July 25, 2025 Urology Report, the Defendant's medication has been unchanged as to his type 2 diabetes mellitus. *Id* at pages 1, 3, 4 and 6. Further, the February 11, 2026 BOP Health Services Clinical Encounter document shows Defendant as having no pain or other conditions warranting a deterioration attributable to his type 2 diabetes mellitus.[1] *Id* at pages 1-3. The Defendant argues that his hemoglobin A1c of 7.2 percent is above the American Diabetes Association recommendation of 7 percent or below for most adults as proof that his type 2 diabetes mellitus is not being well controlled. However, this goes against the weight of medical documentation already produced. Further, given the results of his most recent medical visitation, the Court cannot see a viable reason why earlier documentation would prove beneficial to the Defendant as the current medical records show that his type 2 diabetes mellitus is well managed. For the reasons stated, the Defendant's Motion to Compel BOP Medical Records is **DENIED**.

## II.     Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)

Defendant's Motion for Compassionate Release contends that extraordinary and compelling reasons exist because of his age, medical circumstances, other circumstances and combination of circumstances, and a change in law and sentencing disparity. (Doc. 104). The

---

[1] The Defendant attempts to make arguments about his other conditions in his Reply Suggestions regarding documentation and charting relating to his Benign Prostatic Hyperplasia and his Endogenous lipids. (Doc. 114) However, he does not raise these arguments as extraordinary and compelling reasons within his motion for compassionate release. (Docs. 104 and 105). Thus, the Court will decline to further analyze whether these markers help constitute an extraordinary or compelling reasons as the Defendant has premised his argument solely on his type 2 diabetes mellitus.

Government argues that Defendant's motion should be denied because he has not exhausted his administrative remedies nor has he demonstrated extraordinary and compelling reasons justifying a reduction in his sentence. (Doc. 112).

Section 3582(c)(1)(A) permits an inmate to move for reduction in sentence if he exhausted his administrative appeals or the facility's warden did not respond to his reduction in sentence request within 30 days. 18 U.S.C. § 3582(c)(1)(A). The Court may not modify a term of imprisonment once it has been imposed otherwise. *Id*. For a district court to be able to grant a § 3582(c)(1)(A) reduction the defendant must meet three conditions: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13, including that the defendant is not a danger to another person or the community; and (3) the § 3553(a) factors weigh in favor of compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

### A.     Exhaustion of Administrative Remedies

The Defendant argues that on January 5, 2026, he submitted a written request for compassionate release to the Warden and, as of his briefing, has not received a response. The Government argues that the BOP has no record on file of the Defendant's request and the Defendant has not provided a copy of his request.

While there is a factual disagreement regarding whether the Defendant has exhausted his administrative remedies, the Court will give the Defendant the benefit of the doubt in his attestation that he filed his request on January 5, 2026. The Court will construe for the purpose of this Order that the Defendant has exhausted his administrative remedies and will proceed onto the merits of the Defendant's reasoning for why extraordinary and compelling reasons exist for compassionate release.

**B. Defendant's Age**

The Defendant argues that his age constitutes an extraordinary and compelling reason for compassionate release under U.S.S.G. § 1B1.13(b)(2). U.S.S.G. § 1B1.13(b)(2) states that an extraordinary and compelling reason exists if the "defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

The Defendant's age does not constitute an extraordinary or compelling reason for compassionate release pursuant to U.S.S.G. § 1B1.13(b)(2). The Defendant has failed to serve at least 10 years or 75 percent of his term of imprisonment. As of March 24, 2026, the Defendant has served seven years, six months and 22 days of his term of imprisonment equating to 50.4 percent. (Doc. 112-2). The Defendant concedes he has not reached the final element within his Suggestions in Support and Reply Suggestions. The Court agrees. As the Defendant has not met the requirements necessary of U.S.S.G. § 1B1.13(b)(2), his age cannot be considered an extraordinary or compelling reason pursuant to this provision.

**C. Medical Circumstances**

The Defendant argues that there are extraordinary and compelling reasons by virtue of his medical circumstances. Specifically, the Defendant argues that due to his type 2 diabetes mellitus he suffers from both a serious physical condition and a condition requiring long-term specialized care. The Court will evaluate each rationale under U.S.S.G. § 1B1.13(b)(1)(B) and (C).

**i. U.S.S.G. § 1B1.13(b)(1)(B) - Serious Physical Condition**

U.S.S.G. § 1B1.13(b)(1)(B) states that extraordinary and compelling reasons exists if:

The defendant is--

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

The Defendant argues that his diabetes mellitus substantially diminish his ability to provide self-care within a correctional facility because: (a) the institutional environment provides limited control over dietary intake essential for blood sugar management; (b) access to specialized endocrinological monitoring and treatment is constrained; (c) the communal living environment increase infection risk for an immunocompromised patient; (d) the physical demands of correctional living are increasingly difficult for a 78-year-old diabetic patient with declining mobility; and (e) the stress of incarceration itself is a documented accelerator of diabetic complications in elderly patients.

The Defendant has not shown that his medical conditions rise to the level necessary to be considered an extraordinary or compelling reason under U.S.S.G. § 1B1.13(b)(1)(B). The Defendant has failed to show that his type 2 diabetes mellitus substantially diminishes his ability to provide self-care within the environment of a correctional facility. As articulated above, Defendant's medical records show that his type 2 diabetes mellitus is well controlled. The Defendant has not shown any evidence of how his type 2 diabetes mellitus, or his other conditions, have substantially diminished his ability for self-care as the medical records show that his medical conditions, medications, and his overall health have been largely unchanged. Without more, the Court cannot say that the Defendant has shown an extraordinary or compelling reason for compassionate release pursuant to U.S.S.G. § 1B1.13(b)(1)(B).

6

**ii.     U.S.S.G. § 1B1.13(b)(1)(C) - Condition Requiring Long-Term Specialized Care**

U.S.S.G. § 1B1.13(b)(1)(C) states that extraordinary and compelling reasons exists if the "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." The Defendant argues that he has been classified CARE2 (stable/chronic care) since October 2019 and CARE1-MH since November 2019–reflecting the BOP's own recognition that his conditions require ongoing management. The Defendant further asserts that the Government Accountability Office's ("GAO") Report GAO-26-107268 has documented the BOP's systemic failures in proving adequate care, including chronic understaffing of medical professionals, delays in treatment, and inadequate chronic disease management programs. The Defendant argues that these documented failures place him at concrete risk of serious deterioration in health and warrant an extraordinary and compelling reason for compassionate release.

The Defendant has not shown that his medical conditions rise to the level necessary to be considered an extraordinary or compelling reason under U.S.S.G. § 1B1.13(b)(1)(C).  While the Defendant cites Report GAO-26-107268 as his primary support attempting to show the BOP's systemic failures in providing adequate care, he has failed to show that he himself is receiving inadequate care. As articulated above, the medical records demonstrate that his type 2 diabetes mellitus is well controlled, that the Defendant has not reported pain in his last two medical evaluations, and his medications have been largely unchanged. (Doc. 112-1). There is nothing within the medical records that substantiates Defendant's claim that his long-term or specialized care is not being provided for, especially to the point of serious deterioration in health or death.

For these reasons, the Defendant has failed to show an extraordinary or compelling reasons for compassionate release pursuant to U.S.S.G. § 1B1.13(b)(1)(C).

### D. Other Circumstances or Combination of Circumstances

U.S.S.G. § 1B1.13(b)(5) provides that an extraordinary and compelling reason exists if the "defendant presents any other circumstance or combination of circumstance that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

The Defendant argues that he is 78 years old, suffers from diabetes and chronic health conditions requiring continuous care, and has served nearly 60 percent of his statutory term. The Defendant further argues he has maintained a spotless disciplinary record over more than seven years and is classified as a minimum security with community custody. The defendant states his Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score reflects low recidivism risk and was trusted by the BOP with an unescorted furlough. The Defendant further argues that he is FSA-ineligible, uneducated with limited English proficiency who has pursued his GED, improved his English, and participated in EBRR programming despite receiving no credit for it and has competed his financial obligations.[2] In sum, the Defendant argues that each of these circumstances, standing alone, may not rise to the level of extraordinary and compelling but taken together they are an extraordinary and compelling reason pursuant to U.S.S.G. § 1B1.13(b)(5).

The Defendant has not shown that other circumstances or a combination of circumstances warrants an extraordinary or compelling reason for compassionate release pursuant to U.S.S.G. §

---

[2] The Defendant also argues that he is FSA-ineligible solely because of a § 924(c) conviction arising from a .22 caliber rifle that he claims was not his. (Doc. 105). The Defendant argues that the Government conceded it does not know his full role and that the actual recipient was never charged. *Id*. However, any collateral acts on the underlying conviction are not appropriate under a motion for compassionate release and thus the Court will not consider the Defendant's argument regarding the facts of his underlying sentence. *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022).

1B1.13(b)(5). As articulated above, the Defendant has now shown that his age, medical conditions, or his time served are, by themselves, extraordinary and compelling reasons for compassionate release. Defendant's ineligibility for First Step Act credits likewise is not, in itself, an extraordinary and compelling reason for compassionate release. The determination of who is eligible for First Step Act credits is decision reserved to Congress and not a decision subject to the courts. *See United States v. Evans*, 333 U.S. 483, 486 (1948). Moving to Defendant's disciplinary record, PATTERN score and his educational pursuits, the Court commends Defendant's achievements, however rehabilitation is not, in itself, an extraordinary and compelling reason for a reduction of a term of imprisonment. *See* U.S.S.G. § 1B1.13(d). Even taking all of these reasons in combination, they fail to raise to the level of gravity as supported by U.S.S.G. § 1B1.13(b)(1)-(4). Thus, the Defendant has not shown an extraordinary and compelling reasons pursuant to U.S.S.G. § 1B1.13(b)(5).

### E.  Change in Law/Sentencing Disparity

U.S.S.G. § 1B1.13(b)(6) provides for an extraordinary and compelling reason based upon an unusually long sentence and states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Further, U.S.S.G. § 1B1.13(c) governs the limitations on changes in law as they apply to compassionate release. It states:

> Except as provided in subsection (b)(6), a change in the law … shall not be considered for purposes of determining whether an extraordinary and compelling reasons exists under this policy statement. However, if a defendant otherwise

establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law … may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c).

The Defendant argues that the relevant changes in law include Amendment 821 (Parts A and B), effective November 1, 2023, which eliminated "status points" under § 4A1.1(e) for defendants with fewer than seven criminal history points and provided a two-level decrease in offense level for certain defendants with minimal criminal history. The Defendant argues that applying these amendments to his case would potentially reduce his advisory guideline range.

The Defendant does not qualify under U.S.S.G. § 1B1.13(b)(6) or (c). As previously stated the Defendant has only served seven years, six months and twenty-two days of his term of imprisonment. This is below the ten-year threshold required under U.S.S.G. § 1B1.13(b)(6) and thus the Defendant cannot rely on this provision as an extraordinary and compelling reason for compassionate release. Further, U.S.S.G. § 1B1.13(c) does not apply as the Defendant has failed to show any other reasons for compassionate release that would allow this Court to consider U.S.S.G. § 1B1.13(c) regarding the possibility of a sentence reduction base on a change in law. Thus, neither of these provisions can be relied on to support Defendant's Motion for Compassionate Release.

## CONCLUSION

After careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's *Pro Se* Motion for Compassionate Release and *Pro Se* Motion to Compel Production of BOP Medical Records.

**IT IS SO ORDERED**.

DATED:  June 11, 2026                    */s/ Douglas Harpool*
                                          **DOUGLAS HARPOOL**

**UNITED STATES DISTRICT JUDGE**

Case 3:19-cr-05005-MDH     Document 116     Filed 06/11/26     Page 11 of 11