IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **UNTIED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:19-cr-05005-MDH** |
| **GUADALUPE URBINA-RODRIGUEZ,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court are Defendant Guadalupe Urbina-Rodriguez's motion for reconsideration of this Court's order denying compassionate release and motion to compel disclosure of his medical records. (Doc. 117). The government filed suggestions in opposition. (Doc. 118). For the reasons set forth below, Mr. Urbina-Rodriguez's motions are **DENIED**.

Mr. Urbina-Rodriguez asks this Court to reconsider its order denying his release under 18 U.S.C. § 3582(c)(1)(A) because (1) the Bureau of Prisons ("BOP") failed to provide him with his full medical records; (2) his age of 78 suggests he is unlikely to recidivate; (3) the Court failed to give proper weight to his argument that he presents an "extraordinary and compelling" reason for release under U.S.S.G. § 1B1.13(b)(5); and (4) generally the 18 U.S.C. § 3553(a) factors "overwhelmingly" favor his release.

Mr. Urbina-Rodriguez frames much of his argument in light of the, in his view, unwarrantedly harsh federal sentencing regime he has faced. And Mr. Urbina-Rodriguez is right that, while sentencing disparities based on non-retroactive changes in law are not grounds for

sentence reductions under U.S.S.G. § 1B1.13(b), *Rutherford v. United States*, 608 U.S. 454, 146 S.Ct. 1320, 1330–31 (2026), a court might consider them under § 1B1.13(c) pursuant to its analysis of the § 3553(a) factors. *Id*. at 1333; *see also id.* at 1343 (Sotomayor, J., dissenting) (noting the apparent agreement of the majority, government, and petitioner on this point). Still, as the government notes, this Court ruled—and continues to find—that no condition or combination of conditions of Mr. Urbina-Rodriguez's amounts to an "extraordinary and compelling reason." Without such a reason, no level of § 3553(a) weight in his favor will permit his release under § 3582(c)(1)(A).

Mr. Urbina-Rodriguez misconstrues U.S.S.G. § 1B1.13(b)(5)—"Other reasons." A combination of conditions individually insufficient does not suggest sufficiency when viewed in sum. A whole is not always greater than its parts. Section 1B1.13(b)(5) has been more successfully used when the "extraordinary and compelling reason" was one not explicitly anticipated by the Sentencing Commission, *see, e.g., United States v. Parish*, Case No. 13-cr-00829-AT, 2024 WL 3904626, at **4–5 (S.D.N.Y. Aug. 22, 2024) (granting reduction where defendant relied on incorrect assurances of state court that his state and federal sentences would run concurrently), or when it served to bolster a reason that satisfied one of the enumerated prongs.

Mr. Urbina-Rodriguez explains that the BOP failed to provide him with his full medical records; had they done so, he would be able to demonstrate the extraordinary nature of his medical condition. Mr. Urbina-Rodriguez's request for medical records is not properly brought in this action. He must dispute the BOP's medical record distributions through the BOP administrative process.

Further, this Court has already explained that the records Mr. Urbina-Rodriguez has filed exclude the possibility that his "well controlled" diabetes is an extraordinary and compelling

reason for release. (Doc. 116). The Court sympathizes with Mr. Urbina-Rodriguez's medical challenges, but his complaint seems to lie with the fact of his incarceration *apart from* his medical diagnosis: that he was sentenced too harshly, that he has a strong rehabilitative record. It is not enough to argue, "[t]he federal prison environment is fundamentally ill-suited to managing the complex medical needs of a 78-year-old diabetic patient." (Doc. 105 at 21). Section 3582(c)(1)(A) requires a truly extraordinary medical plight.

As Mr. Urbina-Rodriguez has cited health as his extraordinary reason for a sentence reduction, his release under § 3582(c)(1)(A) must rise and fall with the claim. No amount of sympathetic circumstances will enable his compassionate release if his circumstances are not extraordinary and compelling. Whether viewed individually or viewed in aggregate, they are neither. Well managed diabetes does not grant him a sentence reduction at this time.

For the foregoing reasons, Mr. Urbina-Rodriguez's motion for reconsideration of this Court's order denying compassionate release and motion to compel medical records are **DENIED**.

**IT IS SO ORDERED.**
Dated: September 11, 2026

*/s/ Douglas Harpool*_____________
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**